## DAMOUR v. LYONS CITY.

1. **Municipal Corporations:** OBSTRUCTION IN STREET: GRADE. The owner of property adjacent to a street has a right to presume that the city will not permit an embankment above the established grade to remain in the street, or that it will provide proper culverts to prevent the embankment from impeding the flow of surface water. He is justified in building with reference to the established grade.

2. ——: ——: NEGLIGENCE. He cannot be charged with negligence in storing articles in his cellar likely to be damaged by an inundation, since he has the right to make any reasonable use of his premises.

3. ——: ——: EVIDENCE. In an action for damages against a city for injuries caused by an alleged diversion of surface water upon plaintiff's premises, it was competent to inquire what work had been done upon other streets which had tended to direct the water upon his premises.

4. ——: ——: STREET RAILWAY. The city is liable for injuries caused to private property by a diversion of surface water thereon, by the construction of a street railway which it has authorized to be built.

5. ——: ——: QUESTION OF FACT. It is for the jury to determine whether or not an embankment made by the construction of the street railway obstructs the natural flow of the water.

6. ——: ——: SURFACE WATER. It is the duty of the city to provide water-ways sufficient to carry off the water that might be reasonably expected to accumulate.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, OCTOBER 4.

THE plaintiff claims of defendant damages in the sum of $1,000, alleged to have been sustained at divers times in the years 1872, 1873 and 1874, in consequence of the defendant's permitting an embankment to be thrown up above the established grade on a street in front of plaintiff's premises, and constructing an insufficient culvert for the passage of the surface water, whereby plaintiff's premises were flooded and his property was injured. On the 14th day of September, 1869, the city council of Lyons City passed an ordinance authorizing the Clinton & Lyons Horse Railway Company to lay and operate upon the street in question a single track street railway.

The railway company in question, in constructing its railway, threw up an embankment in the street, elevating it nine inches above the established grade of the street. The plaintiff's premises are lower than the surrounding country, so that the surface water is attracted to them. A culvert passes under Sixth street at Mansion street, which was built in 1870, before the street railway was constructed. This culvert has a capacity of six feet by twenty inches, and it is the only one to drain the surface water from about one hundred acres of territory. The plaintiff erected his building upon his premises after the street railway was constructed and was in operation. The floor of plaintiff's building is two and one-half feet higher than the grade on Sixth street, and the top of his foundation wall is one foot and nine inches higher. The plaintiff sustained some damages prior to those for which he sues, and he petitioned the defendant three times to put culverts through the bank in front of his house. The damages respecting which the plaintiff testifies occurred in 1872, and in June, 1874.

There was a jury trial, and a verdict and judgment for plaintiff for $552. The defendant appeals.

*A. J. Leffingwell*, for appellant.

*A. T. Wheeler* and *Ellis & Spence*, for appellee.

DAY, J.—I.   Appellant insists that the facts proven on the trial do not sustain the verdict.   It is claimed that, whilst plaintiff testifies that he sustained certain losses in 1872, it does not appear in his own testimony, or that of any one else, that these losses are attributable to the acts of defendant. The plaintiff, however, does testify that he sustained losses in June, 1874, on account of the negligent acts of defendant, amounting to more than the verdict.   It must be presumed that the jury assessed these damages on account of the losses which the testimony charges upon defendant.   It is not shown that they allowed anything for the losses of 1872.

II.   It is claimed that the plaintiff's own negligence contributed to the injury; that whilst he was building his house

1. MUNICIPAL CORPORATIONS: OBSTRUCTION IN STREET: GRADE. his attention was called to the fact that he was building it too low.   But the evidence nowhere shows that the house was, in fact, too low.   He certainly had a right to conform his building to the established grade of the street.   He had a right to suppose, either that the city would not permit an embankment to remain in the street above the established grade, or that the city would, by the construction of proper culverts, prevent the embankment from impeding the flow of accumulating and surface water.   He built his cellar wall twenty-one inches, and the floor of his house thirty inches, above the grade of the street. There is no testimony in the case that this was not sufficiently high.

III.   It is claimed, however, that he was guilty of negligence in storing sugar and other groceries in his cellar, know-

2. ——: ——: NEGLIGENCE. ing that it was liable to be inundated.   The plaintiff's building was used for a store.   He had a right to make a reasonable use of his own premises in such way as would prove most profitable to him.   The defendant has no right by its wrongful act to deprive him of the use of his property.   He could not be required to forego the enjoy-

ment of his cellar throughout the year, because the wrongful or negligent act of defendant had placed it in a position that its use might be attended with loss.

IV. The plaintiff's amended petition alleges that the defendant at divers times since January, 1870, has undertaken to provide for the drainage of the surface water, which of long time and by reason of the lay of the ground flowed down from the high ground three or four blocks west of Sixth street, along Randolph, Commercial, Park and Mansion streets eastward toward the Mississippi, and that in so undertaking it conducted the water, so naturally flowing eastward on Park street, past the south side of the premises of plaintiff, northward along the west side of sixth street, and in order to make the water flow down said west side of sixth street, the defendant excavated a deep gutter or ditch in front of plaintiff's premises, etc.

*3. ——: ——: evidence.*

The plaintiff asked a witness the following question:

"State to the jury what streets, west and north, the city has worked upon attempting to control the water which flows from these streets, and courses past and upon the premises of plaintiff?" The defendant objected to the question for the reason that by the pleadings the plaintiff makes no claim against the city for any neglect, except neglect in construction of a gutter on Sixth street. The objection was overruled, and the action is assigned as error. The question is pertinent and proper. The complaint of plaintiff in part is that the city, by its improvements of the streets diverted the natural course of the surface water, and caused it to flow past the premises of plaintiff without providing for its outlet sufficient culverts. It was competent to prove that the city had constructed gutters in the locality in question, for the purpose of showing that the surface water had been diverted past plaintiff's premises.

V. The court, in substance, instructed that the fact that the embankment was constructed by, and for the use of the Clinton and Lyons Horse Railroad Company, will not defeat the plaintiff's recovery in this action, for it is immaterial as regards plaintiff's right of recovery

*4. ——: ——: street railway.*

against defendant, whether said embankment was constructed by, and for the use in whole or in part of said railroad company, or whether it was constructed by defendant, for the use of the public as a street or highway  The court refused to instruct at the instance of defendant, that if defendant was acting under a special charter, which gave it no power to authorize the construction of a street railway, at the time the same was constructed, any such authority granted by it would be without the scope of its corporate powers, and would create no liability against defendant.  This action of the court appellant assigned as error.  Appellant contends that unless the charter expressly confers authority to authorize a street railway, or it be necessary to the proper exercise of the powers expressly conferred, a city has no authority to grant, by ordinance, permission to construct a street railway.

Appellant cites and relies upon *Davis v. The Mayor of New York*, 14 N. Y., 506.  Whatever may be the law elsewhere, it must be regarded as the doctrine of this State, that a city may authorize the construction of a railway in its streets. This was determined in *Slatten v. The City of Des Moines*, 29 Iowa, 148, without any reference to any special provision of the charter conferring such authority.  In Dillon on Municipal Corporations, section 570, it is said: "The usual extensive powers conferred upon municipal corporations to improve and control streets, and regulate their use will, it is believed, ordinarily authorize them to use or permit the use of streets for horse railways, provided they do not surrender or abdicate their legislative and police powers and functions with respect to the streets, and the persons or corporations thus licensed to use them."  The court did not err in the action complained of.

VI.  Appellant complains of the giving of the following instruction:

"If said embankment was raised above the established grade of the street, it was an obstruction for which the defendant is responsible, though it did not directly create or make the obstruction or authorize it to be done, and if said embankment was and is, an obstruction to the natural flow of water upon and across said street, and causes the water to dam up

and flow back upon the adjacent premises to the injury of the owner, for such injury the defendant is liable, if at the time of the injury the premises were as high as the grade of the street, and if the defendant in grading and working its streets obstructs the natural flow of surface water, and by reason of its failure to provide necessary channels for carrying off the water, it is caused to flow in increased quantities upon the adjacent premises to the injury of the owner, for such injury the defendant is liable if no fault of the owner contributed thereto."

It is objected that this is an instruction on a matter of fact as contra-distinguished from law; that it was not competent for the court to say that if the embankment was raised above the established grade of the street *it was an obstruction;* that whether or not it was an obstruction was a question of fact for the jury. The instruction taken together is not vulnerable to the objection made, for the court instructs that the liability of defendant depends upon the embankment obstructing the natural flow of the water, and causing it to dam up, and flow back upon the plaintiff's premises to his injury, and whether it did so the court left the jury to determine.

5. ——: ——: question of fact.

VII. The defendant asked the court to instruct in substance that the construction of an insufficient culvert would render defendant liable for all damages to plaintiff arising therefrom, except those resulting from extraordinary storms or freshets, unless the efforts to take care of the surface water, on the part of defendant, left the plaintiff's premises in no worse condition than they were before, in which case the defendant would not be liable.

The court refused this, and in substance instructed that the plaintiff may recover if by reason of the embankment and obstruction of the natural flow of the water thereby, and the failure of defendant to construct water ways sufficient in number and capacity to carry off the water that might reasonably be expected to accumulate, the water has flowed back upon and flooded the plaintiff's premises and he has been injured thereby.

Appellant insists that the liability of a municipal corporation does not extend to an extraordinary flood or freshet; citing *Sprague v. Worcester*, 13 Gray, 193, and *Mayor v. Bailey*, 2 Denio, 433. The true rule, we think, is that given by the court, that it is the duty of the city to provide water ways sufficient to carry off the water that might reasonably be expected to accumulate. In the *Mayor of New York v. Bailey*, cited by appellant, which was an action to recover damages sustained by the washing away of a dam, the court say: "Here the probable, if not the necessary, consequence of the carrying off of the city dam by a flood, would be not only to sweep away the buildings and erections of all the property owners upon the Croton below such dam, but also to endanger the lives of such owners and of their families. The dam should, therefore, have been constructed in such a manner as to resist such extraordinary floods as might have been reasonably expected to occur. And, if the flood of 1841 was not much higher than any which had been known to occur upon this stream within the memory of man, those who had the charge of the construction of the dam should have anticipated such a flood; and should have provided a dam that would have been sufficient to resist the operation of that flood." The instruction given is in entire harmony with this decision, which we think announces the correct doctrine. The court, having given a proper instruction upon this subject, did not err in refusing to give that asked. As to the last branch of the instruction asked, there is no proof that plaintiff's premises would have been in as bad a condition, if the city had not undertaken to provide for the surface waters. When the plaintiff proves that the city has undertaken to provide for the surface water, and has done it negligently and improperly, whereby he has sustained damages, he makes out a *prima facie* case.

If the city would escape liability upon the ground that the damage would equally have been sustained if the city had done nothing in the premises, the burden of proof is upon it to show that fact.

*6. ——: ——: surface water.*

VIII. The defendant assigns as error the refusal of the court to give the following instruction:

"If you find that the embankment complained of is in fact a nuisance, and further find that it existed prior to the erection of plaintiff's buildings, which fact was known to plaintiff, and he with knowledge of this fact built his buildings so as to be damaged thereby, when he might by ordinary diligence have avoided the effects of said nuisance, then he would not be entitled to recover on this count in his petition."

We have seen the plaintiff had a right to erect his building so as to conform to the established grade of the street. There is no dispute in the evidence that the top of his cellar wall was twenty-one inches above this grade. There is no proof of any want of ordinary care to avoid the effects of the embankment. The jury might have inferred from this instruction that plaintiff could not recover, if he could have placed his building so high as to be beyond the reach of the back water from the embankment. He was not obliged to do this, as he had a right to suppose that the embankment would be removed or culverts constructed through it. Besides, the court in its own instructions directed the jury that plaintiff could not recover, if his carelessness, negligence or fault contributed to the damage. There was, therefore, no substantial error in refusing to give this instruction. We discover no error in the action of the court below.

AFFIRMED.