THE GERMAN THEOLOGICAL SCHOOL v. THE CITY OF DUBUQUE.

1. **Evidence of Damage by Water:** STEREOSCOPIC VIEWS. Stereoscopic views of premises injured by water, taken the day after the injury, are competent evidence to show the condition of the property after the injury, for the purpose of establishing the amount of damage done thereto.

2. ———: ACTION AGAINST CITY: UNPRECEDENTED STORMS. In an action against a city for damages by a flood of water, caused, as alleged, by the negligent location and construction of a street, and of a sewer draining a certain ravine, where the city had introduced evidence tending to show that the storms which caused the injury were unprecedented and extraordinary in their character, it was not competent, in rebutting the effect of such evidence, to prove the amount of water which had during previous storms flowed down other ravines and streets in the city, not shown to have been similarly situated as to extent of territory drained, nor in other respects, material to the inquiry. ADAMS and BECK, J. J., *dissenting*.

3. **Cities and Towns:** DUTY AS TO SURFACE WATER: EXTRAORDINARY STORMS. A city is held to ordinary diligence only in providing for the drainage of surface water; and, in the construction of its water-ways, it has done its duty when it has provided for carrying off the water which falls in ordinary times, and which accumulates in such freshets as may reasonably be anticipated. It is not bound to provide against extraordinary floods, and is not liable for damages done by such floods by reason of the fact that its water-ways are not sufficient to carry off the water on such occasions. Compare *Damour v. Lyons City*, 44 Iowa, 276, and *Cornish v. C., B. & Q. R'y Co.*, 49 Id., 378.

4. ———: SURFACE WATER: DAMAGE TO PROPERTY BY: DUTY OF OWNER TO REPAIR. Where plaintiff's property, as it alleged, was injured by surface water, and it sought to hold the defendant liable therefor on account of the insufficiency of its water-ways, it was the duty of plaintiff to use reasonable and ordinary care to put its premises in repair after the injury, so as to avoid continued and future loss; and an instruction to that effect in this case was correct.

*Appeal from Dubuque Circuit Court.*

THURSDAY, OCTOBER 18, 1883.

THE plaintiff claims of the defendant $10,000 on account of injuries to the plaintiff's property on the ninth day of September, 1875, and the fourth day of July, 1876, from a large flow of water passing over Seventeenth street in the city of Dubuque. The plaintiff claims that the injury resulted from the negligent location and construction of a sewer, for the purpose of conducting the water which flows down a ravine or valley known as Blake Hollow, and from the negligent construction and repair of Seventeenth street. The plaintiff's premises are situated upon Seventeenth street, near where it is intersected by Main street. There was a jury trial, resulting in a verdict and judgment for the defendant. The plaintiff appeals.

*Myron H. Beach*, for appellant.

No argument for appellee.

DAY, CH. J.—I. The plaintiff offered in evidence stereoscopic views of the plaintiff's property, taken on the day following each of the injuries of which the plaintiff complains. The defendant objected to the evidence as incompetent, irrelevant, immaterial and secondary. The objection was sustained, and the evidence was excluded. The stereoscopes ought to have been admitted. They were competent evidence to show the condition of the property after the alleged injuries, for the purpose of establishing the amount of damages. *Locke v. The S. C. & P. R. Co.*, 46 Iowa, 109; *Reddin v. Gates*, 52 Id., 210. The fact that the plaintiff's property was injured at the times complained of was, however, established without any conflict. The verdict for the defendant could not have been based upon the ground that no injury was sustained, but must have

1. EVIDENCE of damage by water: stereoscopic views.

been based upon the ground that the injury occurred under such circumstances that the defendant was not liable for it. The rejection of the stereoscopic views, therefore, worked the plaintiff no substantial injury, and the ruling was without prejudice.

II.. Evidence was introduced tending to show that the storms which occasioned the injury in September, 1875, and July, 1876, were unprecedented and extraordinary in their violence, and in the amount of water which fell in a given time. The plaintiff introduced a witness, and asked the following questions: "Do you remember a storm prior to 1875, that washed out Hill street in Dubuque, and a portion of Julien Avenue? Have you ever noticed the effects of water washing down Dodge street in the city of Dubuque—the street running from the gas-works west? State if you have any knowledge of any similar storm occurring, so as to cause an immense flood of water down any of the other ravines besides Blake Hollow in the vicinity of Dubuque? Do you know of any such storms occurring, so as to occasion the flow of a mass of water similar to what came down Mineral street or Blake Hollow in the fall of 1875, and July, 1876, coming down through ravines in the city of Dubuque, prior to 1875 and 1876?"

*2. ——:*
*action against*
*city: unpre-*
*cedented*
*. storms.*

These questions were all objected to as immaterial, incompetent and irrelevant, and the objections were sustained. The plaintiff assigns these rulings as error. The plaintiff insists that it was competent for it to show the character of the storms which occurred prior to those which inflicted the injury, for the purpose of showing that the latter storms were not extraordinary and unprecedented. It is to be observed that the evidence proposed seeks to establish the character of the other storms, simply by their effects upon other streets in other parts of the city. It is apparent that the other streets referred to may have been very differently situated as to extent of territory drained, size of sewers, width of street,

obstructions, amount of fall, etc., all of which would directly influence the effect of a sudden rainfall. In the absence of any proof that the other streets referred to were at least as favorably situated as the street in question, it is clear that the proffered testimony was properly rejected.

III. The plaintiff complains of the giving of the following instructions:

"16. While it is the duty of the city, in the constructing of water-ways, to take into consideration, not only the ordinary and usual quantity of water in ordinary times, but also the liability to freshets occasionally occurring, still, if they should so provide, and an unusual and extraordinary storm, whereby the whole immediate country around should be overflowed and flooded, and which, by the exercise of ordinary prudence, could not be provided for and guarded against, and the damage occurred by reason of such disastrous storm, the city will not be liable, the law only holding the city to the exercise of ordinary care and prudence.

*3. CITIES and towns: duty as to surface water: extraordinary storms.*

"17. It is claimed by the defendant that the water coming down Mineral street overflowed Main street at its conjunction with Seventeenth street on the south, and then down, at or near Iowa street, when it struck said Seventeenth street, undermining said Seventeenth street with such a volume and with such force as to raise the stone curbing and flagging, and breaking up the street, and that the damage was the result of the action of the flood thus coming onto said street, and not from any negligence on the part of the city.

"If you find from the evidence that the damage complained of was the washing out of said vacant lot, and that the same was not caused by or the result of any negligence on the part of the city in the negligent or defective construction of the improvement upon the streets of said city, the city would not be liable."

These instructions are correct. It needs no argument to establish that the defendant cannot be held liable for

damages which did not result from any negligence on the part of the defendant. The remainder of the instructions is in harmony with the rule adopted by this court in *Damour v. Lyons City*, 44 Iowa, 276, and recognized in the later case of *Cornish v. The C., B. & Q. R'y Co.*, 49 Id., 378.

IV. The plaintiff complains of the nineteenth instruction. This instruction simply announces the familiar rule of law, that it was the duty of the plaintiff to exercise reasonable and ordinary care to put its premises in repair after the damage by the flood of 1875, and to protect itself from continued and future loss. The instruction is clearly correct. It is insisted, however, that there is no evidence to justify this instruction, and that it misled the jury by implying that the plaintiff was guilty of contributory negligence. These objections are simply mentioned. They are not urged with any apparent confidence, and we regard them as without merit.

*4. SURFACE water : damage to property by: duty of owner to repair.*

V. It is claimed that the verdict is not supported by the evidence, and that it is contrary to law. No instruction is pointed out which was violated or disregarded by the jury. The evidence was conflicting, and it fairly supported the verdict. The judgment of the court below is

AFFIRMED.

ADAMS, J., *dissenting.*—The city having introduced evidence tending to show that the rainfalls in question were unprecedented, it was competent for the plaintiff, if it could, to rebut this evidence, by showing that the rainfalls were not unprecedented. For the purpose of this showing, the plaintiff introduced witnesses, and asked them certain preliminary questions, which are set out in the second division of the majority opinion. These questions were disallowed by the court, and the majority opinion holds that they were properly disallowed. I think that at least one of the questions was not objectionable. It is in these words: "Do you know of any such storm occurring, so as to cause the flow of a mass

of water similar to what came down Mineral street, or Blake Hollow, in the fall of 1875, and July, 1876, coming down through ravines in the city of Dubuque, prior to 1875 and 1876?" It would be conceded, I suppose, that it would have been proper to.ask the witness if he had knowledge of as large rainfalls in Dubuque prior to those which did the injury complained of. Now, the question asked did not, I think, differ materially from this. It is true, it inquires in regard to the flow of water through the ravines generally, in the city of Dubuque, and these ravines, it may be, differ some- what. Some of them may be such as to collect a larger, and some a smaller amount of water in a given rainfall, than Blake Hollow. But their difference, if it exists, could be shown in the progress of the examination. The question asked was not, I think, subject to the objection made, and the court should, I think, have allowed it to be answered.

Mr. Justice Beck concurs in this dissent.