## JOSEPH S. THOMA v. THE CITY OF CINCINNATI.

1. In a suit against a municipality for maintaining a nuisance, recovery of damages is subject to the rule that the plaintiff is required to use ordinary care to avoid or mitigate the injury; and if, by plaintiff's fault the extent to which his negligence contributes can not be distinguished, the ordinary rule of contributory negligence applies to defeat recovery.

2. Where it is apparent that a new trial upon an adverse verdict would mean only an opportunity to secure nominal damages, a new trial will not be granted.

HOSEA, J.

Heard on motion for a new trial.

The argument in favor of the motion for a new trial seems to ignore the status of the case as it finally reached the jury. The original pleadings presented a case of damages for deprivation of a property right namely, plaintiff's right of drainage into Lick Run. As the testimony progressed, it clearly appeared that this could not be maintained upon the facts charged, namely, the building of a sewer in the bed of Lick Run. The trial was allowed to proceed, however, upon an amendment to the petition converting the issue into one for the maintenance by the city of a continuing nuisance in a public highway for a period within statutory limitation—it being conceded by counsel for plaintiff that there could be no recovery beyond four years prior to bringing the suit.

Upon this issue the citations of authority presented by counsel to support the motion do not seem to me altogether applicable. It is true that the general principles of servient easements were explained to the jury (*Blue* v. *Wentz,* 54 O. St., 254-5), and perhaps at greater length than was necessary for the purposes of the case upon the final and real issues; but any error in this regard was rather favorable than prejudicial to plaintiff.

The issue being for the negligent maintenance of a nuisance by the city, the question of fact was for the jury to find whether the injury complained of was caused by the act of private owners on their own lands or by the city on the public way. But even if the cause of the injury was attributable to the city, recovery of damages is nevertheless subject to the rule that the plaintiff is required to use ordinary care to avoid or mitigate them. *Sh. & Redfield* on *Negligence,* Section 741; *Baldwin* v. *Tel. Co.,* 45 N. Y., 744; *Damon* v. *Lyons City,* 44 Iowa, 281; *Ellis* v. *Iowa City,* 29 Iowa, 230.

In the present case, the plaintiff's claim was handicapped by his four years' knowledge of the conditions claimed to be injurious before his right of present recovery could begin, and by the further year's delay in bringing his action,

with no explanation of it and no effort made apparently to prevent the recurring injury. Again there was testimony tending strongly to show that the injurious conditions complained of were in part due to subterranean seepage which had been formerly carried off by a subterranean ·drain beneath the road and through private grounds into Lick Run, which drain plaintiff had allowed to be cut off and disused.

Still, again, the testimony as to back-water running into the cellar from the street showed that it came through an opening in the pavement and flush therewith; and that while upon occasion of rainstorms water overflowed the pavement and found its way to the cellar, it was by no means clearly shown that this was the case in ordinary—as distinguished from *extra*ordinary—rainstorms, nor was it shown that the continuance of water in the cellar between storms was due exclusively to this cause. In fact, there was some testimony indicating that even before the creation of the injurious conditions claimed, the subterranean drain played an important part in keeping the cellar dry. Moreover, there was no testimony whatever indicating that the cellar-opening through the pavement was necessary in that place and could not have been changed at slight expense to the side yard of the house where the ground was higher, or placed within the house itself.

In fact, taking the case by its four corners as presented to the jury, it seemed to me to fairly come within a further rule of law, namely, that if, by plaintiff's fault, the extent to which his own negligence contributed to the injury can not be distinguished, then the ordinary rule of contributory negligence applies to defeat recovery. *Sh. and Redfield on Negligence,* par. 741; *Potter* v. *Warner,* 91 Penn. St., 362; *Hibbard* v. *Thomson,* 109 Mass., 286. ·

Upon the motion for a new trial, therefore, even if the jury had been charged as counsel claim it should have been, namely, to permit plaintiff to recover as for deprivation of a property right, and allow the testimony as to plaintiff's contributory negligence to be considered only in mitigation of damages, it seems to me clearly evident in consideration of their actual finding, that the jury would have found

nominal damages only.  Taking the testimony all together, it can not be said that the verdict "can not be right" (3 Graham and Waterman on New Trials, 1239).  Indeed, the conceded fact that there was formerly an underground drain to the cellar which—as one or more witnesses stated—kept it dry, together with testimony that water has practically stood in the cellar continuously ever since, very strongly suggests that the principal cause of the difficulty lay outside of the present case.  In fact, the proof of the continuity of the condition here shown where the assumed cause is intermittent and operative only at comparative long intervals, must have had a forceful bearing on the verdict.

Under all these circumstances, I do not think the opportunity to secure nominal damages would be a sufficient ground for a new trial, even if the errors claimed existed. *Hyatt* v. *Wood,* 3 Johns, 239; *Allen* v. *Sawyer,* 2 Pa., 325; *Sampson* v. *Appleyard,* 3 Wilson, 272; *Alsop* v. *Day,* 4 Day, 42; *Brazier* v. *Clapp,* 5 Mass., 1.

Motion overruled.

*Morrill & Jordan,* for plaintiff.

*Jesse Lowman,* City Solicitor, and *Geo. H. Kattenhorn,* Assistant City Solicitor, for defendant.